# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DARNELL YOUNG, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 4:17-CV-1643 NAB |
| AMERICAN SOCIETY OF CRIME LAB DIRECTORS, et al., | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon transfer of the action from the United States District Court of the Eastern District of North Carolina. Plaintiff, an inmate at the Eastern Reception, Diagnostic and Correctional Center ("ERDCC") brought the instant action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights.

Plaintiff was granted leave to proceed in forma pauperis in the Eastern District of North Carolina, and his case was reviewed for frivolousness pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915, on June 8, 2017. In its initial review, the Court dismissed several claims from plaintiff's complaint, as well as one of the defendants from this action. However, in addition to transferring the matter to this Court, the Eastern District of North Carolina found that plaintiff's allegations under the Supreme Court case of *Skinner v. Switzer*, 131 S.Ct.1289 (2011), may be able to state a claim for relief. In order to pursue his procedural due process claims under *Skinner*, plaintiff must amend his complaint to name a proper defendant. Therefore, the Court will require plaintiff to amend his complaint on a court-provided form.

1

**Discussion**

On March 7, 2011, the United States Supreme Court clarified that a § 1983 plaintiff could bring a procedural due process claim where state law provided for post-conviction DNA testing as a matter of right. *Skinner v. Switzer*, 131 S.Ct. 1289 (2011). The *Skinner* decision appears to support plaintiff's argument that he may be able to assert a procedural due process claim in this action relating to DNA evidence available to him after his state criminal trial.[1]

Because defendants in Missouri have a right to post-conviction DNA testing, plaintiff could assert a § 1983 claim based on a denial of procedural due process. *See Belcher v. State,* 299 S.W.3d 294 (Mo. 2009) (construing Mo.Rev.Stat. § 547.035 as providing a right to and liberty interest in post-conviction DNA testing).

However, plaintiff's allegations are somewhat disjointed and it is unclear whether the "American Society of Crime Lab Directors" is the proper defendant in this action for such a procedural due process claim. Thus, the Court believes that plaintiff should amend his complaint to identify his claims under *Skinner*, as well as, the proper defendant in this action.

Accordingly, plaintiff will be required to file an amended complaint, on a court-form, containing all of his *Skinner* claims, in addition to naming the proper defendant in this action. **All** claims in this action must be included in one, centralized complaint form. Plaintiff must follow the Court's instructions relating to the filing of his amended complaint, as set forth below, or he will face dismissal of his action, without prejudice.

Plaintiff is required to submit his amended complaint on a court-provided form, and it must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Rule 8(a) requires that a

---

[1] Plaintiff appears to be asserting in his complaint that both the prosecution and the police department had evidence that they did not turn over until after his trial that should have been made available to him for DNA testing.

complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief and a demand for the relief sought. And Rule 10(b) requires that a party must state its claims or defenses in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances.

Plaintiff must also clearly state the defendant which he is pursuing allegations against, and he must articulate the factual circumstances surrounding that defendant's alleged wrongful conduct.

Plaintiff's failure to make specific and actionable allegations against the defendant will result in the defendant's dismissal from this case.[2] Plaintiff should also articulate in what capacity he is bringing claims against the named defendant, whether it is in its official or individual capacity, or both. *See Monell v. Department of Social Services,* 436 U.S. 658, 690-91 (1978).

Plaintiff shall have thirty (30) days from the date of this Order to file his amended complaint. Plaintiff is warned that the filing of the amended complaint **completely replaces** the original complaint, and claims that are not re-alleged are deemed abandoned. *E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation,* 396 F.3d 922, 928 (8th Cir. 2005). If plaintiff fails to file his amended complaint within thirty (30) days, the Court will dismiss this action without prejudice.

---

[2]Plaintiff should be aware that departments or subdivisions of local government are not normally suable entities. *See Ketchum v. City of West Memphis, Ark.,* 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such."). Similarly, plaintiff should understand that liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent,* 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff).

After the filing of plaintiff's amended complaint, the Court will review the amended complaint pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness and/or failure to state a claim. A claim and/or defendant must survive § 1915 review in order for plaintiff to proceed on those claims in this lawsuit.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall provide to plaintiff, along with a copy of this Order, a blank complaint form for the filing of a prisoner civil rights complaint.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint, in accordance with the instructions set forth above, **no later than thirty (30) days from the date of this Order**.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely file an amended complaint or fails to comply with the instructions set forth above relating to the filing of the second amended complaint, the Court shall dismiss this action without prejudice.

**IT IS FURTHER ORDERED** that upon the filing of the amended complaint, it will be subject to review under 28 U.S.C. § 1915.

Dated this 19th day of June, 2017.

/s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES DISTRICT JUDGE