UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DARNELL YOUNG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:17CV1643 NAB |
| ) | |
| AMERICAN SOCIETY OF CRIME LAB ) | |
| DIRECTORS, et al., ) | |
| ) | |
| Defendants. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon review of plaintiff's amended complaint. Plaintiff, an inmate at the Eastern Reception, Diagnostic and Correctional Center ("ERDCC"), brought the instant action pursuant to 42 U.S.C. § 1983 alleging that he is entitled to seek a "procedural due process claim" under *Skinner v. Switzer*, 562 U.S. 521 (2011).

**Background**

Plaintiff was granted leave to proceed in forma pauperis in the Eastern District of North Carolina, and his case was reviewed for frivolousness pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915, on June 8, 2017 in the Eastern District of North Carolina.

In its initial review, the Court dismissed several claims from plaintiff's complaint, as well as one of the defendants from this action. However, in addition to transferring the matter to this Court, the Eastern District of North Carolina found that plaintiff's allegations under the Supreme Court case of *Skinner v. Switzer*, 131 S.Ct.1289 (2011), may be able to state a claim for relief.

This Court ordered plaintiff to file an amended complaint in his action on June 20, 2017, in order to fully articulate his claims under *Skinner*. Plaintiff filed his amended complaint on July

1

17, 2017, and the Court is obligated to review the amended complaint pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness and for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**Plaintiff's Amended Complaint**

This 42 U.S.C. § 1983 action purportedly concerns plaintiff's attempts to seek a **second**[1] DNA test in order to allegedly prove that the evidence was insufficient to provide forcible compulsion on his state conviction for forcible rape. *See State v. Young*, No. 0722-CR3741 (19th Judicial Circuit, St. Francois County Court).[2] Defendants in plaintiff's amended complaint are: Sarah Custis (Police Lab Examiner); Jenna Oakes Smith (Police Lab Examiner); Donna Becherer (Police Lab Examiner); Beth Hensley Orwick (Asst. St. Louis City Attorney); Jennifer Joyce (Prosecutor); Sam Dotson (Chief of St. Louis City Police).

Plaintiff was charged with forcible rape and incest. At trial, part of the State's evidence included a DNA test performed on a stain on the victim's underwear that matched plaintiff. Plaintiff claims in his amended complaint that Ms. Custis, Ms. Smith and Ms. Becherer testified at his criminal trial. He claims that the defendants testified that there was "DNA [on] the victims' underwear which contains (2) sets of DNA (1) consistent of a mixture and the other one consistent with the DNA of Darnell Young."

Plaintiff claims that his due process rights were violated and that he is entitled to new DNA testing because he believes the three lab defendants "tampered with DNA evidence."

---

[1]The Court takes judicial notice of the Missouri State Court record before it, as obtained through the public records published through Missouri.Case.Net. *See Young v. Lombardi*, No. 15AC-CC00118 (19th Judicial Circuit, Cole County Court); *Young v. Missouri*, No. 12SFCC00009 (19th Judicial Circuit, St. Francois County Court).

[2]Plaintiff also alleged in two of his state petitions for writ of habeas corpus that he was seeking a second DNA test in order to prove that the evidence against him in his state court trial was insufficient to show that he was related to the victim on the charge of incest.

2

Plaintiff has not submitted any evidence or assertions beyond his own conclusory statement to support his assertion.

Plaintiff also asserts his due process rights have been violated and that he is entitled to new DNA testing because "[i]f a post-conviction for DNA testing is granted it will reveal inconsistencies and flaws in the state's evaluation of genetic material." Plaintiff also believes that defendant Asst. Prosecutor Orwick provided a "false representation" of DNA evidence, because he believes she "misled the jury" and maliciously prosecuted plaintiff. Plaintiff states that Prosecutor Orwick essentially stopped pursuing a "second contributor" of DNA on the victim's underwear, which means she failed to turn over exculpatory evidence and never proved her case, despite the jury convicting him of forcible rape and incest.[3] Plaintiff has not made any claims against Police Chief Dotson or Prosecutor Jennifer Joyce.

Plaintiff seeks $25 million in this action.

## Plaintiff's State Court Habeas Actions

As noted above, plaintiff was found guilty in Missouri State Court of forcible rape and incest by a jury. *See State v. Young*, No. 0722-CR3741 (19th Judicial Circuit, St. Francois County Court). Part of the State's evidence at trial, presented by Prosecutor Orwick, included a DNA test performed on a stain on the victim's underwear that matched Young. The DNA test was done prior to trial, and although plaintiff's attorney moved to do a second test on the DNA immediately before trial, his motion was denied. The trial court denied the motion because the results of the testing were available nearly one year before trial, and as the trial court judge put it,

---

[3]Plaintiff ignores the fact that the victim testified in his case about the purported sexual abuse, and the DNA test was used to corroborate the victim's testimony.

"the law does say…that trials have to be rescheduled because people sit on their hands until the last minute."

On direct appeal of his conviction, Young asserted that the evidence was insufficient to prove forcible compulsion for the charge of forcible rape. The Missouri Court of Appeals rejected that challenge. In his amended post-conviction motion, Young alleged that trial counsel should have obtained a **second** DNA test. Plaintiff did not allege any facts that would have entitled him to a second test under the rules governing post-conviction DNA testing. The motion court rejected the claim without an evidentiary hearing, and plaintiff failed to perfect an appeal from the denial.

In his first habeas corpus motion relating to his claim for a second DNA test, the Court denied plaintiff's request to retest the underwear, finding that plaintiff had procedurally defaulted on his claim for a **second** DNA test. *See Young v. State*, No. 12SFCC00009 (19th Judicial Circuit, St. Francois County). The Court found that plaintiff could not show that he was actually innocent of the crime for which he had been charged, and that he had abandoned his ineffective assistance of counsel claim by failing to assert it on a post-conviction appeal. Plaintiff was told at that time that should he wish to file a claim under the Missouri State statute for post-conviction DNA testing, Mo.Rev.Stat. § 547.035, he could certainly attempt to do so.

Plaintiff was again denied state habeas corpus review on July 27, 2015. See *Young v. Lombardi*, No. 15AC-CC00118 (19th Judicial Circuit, Cole County Court). In that case, plaintiff once again alleged a right to a second DNA test. He additionally alleged that the evidence in his criminal case was insufficient to prove that he was sufficiently related to the victim in his criminal case to be charged with incest because she was only his step-daughter. The Court found both of plaintiff's claims to be meritless, finding that Missouri state law was not the proper

4

route to challenge his conviction. Nevertheless, plaintiff's lack of sufficiency of the evidence on the incest charge was frivolous, as plaintiff was married to the victim's mother at the time the crime was committed, and it is illegal in Missouri to have sexual intercourse with a step-child. *See* Mo.Rev.Stat. § 568.020.1(2). Furthermore, even if the Court disregarded the DNA evidence, the victim's testimony about the abuse was sufficient to prove that plaintiff engaged in sexual intercourse with the victim. Plaintiff was again told that if he wished to file a request for DNA testing under Mo.Rev.Stat. § 547.035, he should do so in accordance with the guidelines in the statute.

## Discussion

Missouri's DNA testing procedure, Mo.Rev.Stat. § 547.035, provides that:

> 1. A person in the custody of the department of corrections claiming that forensic DNA testing will demonstrate the person's innocence of the crime for which the person is in custody may file a post-conviction motion in the sentencing court seeking such testing. The procedure to be followed for such motions is governed by the rules of civil procedure insofar as applicable.
>
> 2. The motion must allege facts under oath demonstrating that:
>
> (1) There is evidence upon which DNA testing can be conducted; and
> (2) The evidence was secured in relation to the crime; and
> (3) The evidence was not previously tested by the movant because:
>   (a) The technology for the testing was not reasonably available to the movant at the time of the trial;
>   (b) Neither the movant nor his or her trial counsel was aware of the existence of the evidence at the time of trial; or
>   (c) The evidence was otherwise unavailable to both the movant and movant's trial counsel at the time of trial; and
> (4) Identity was an issue in the trial; and
> (5) A reasonable probability exists that the movant would not have been convicted if exculpatory results had been obtained through the requested DNA testing.

5

The Court cannot find any record on Missouri.Case.Net indicating that plaintiff has made a motion for DNA testing in compliance with Missouri's post-conviction DNA testing procedure, pursuant to Mo.Rev.Stat. § 547.035. Instead of doing so, plaintiff has sought post-conviction DNA testing in two separate state court habeas proceedings and been denied his request, after being told in each instance, that the proper procedure for seeking such a request was to follow the statute and file for relief in St. Francois County Court, pursuant to Mo.Rev.Stat. § 547.035.

Plaintiff has not stated, in his amended complaint that the procedural mechanisms contained in Mo.Rev.Stat. § 547.035 are insufficient. Nor could he. Instead he has come to this Court alleging malicious prosecution in the context of his criminal conviction, *Brady* violations, insufficiency of evidence claims and even ineffective assistance of counsel claims. These claims are not sustainable claims for relief in a *Skinner v. Switzer* action.

The sole purpose of a *Skinner v. Switzer* action is to challenge the procedural due process mechanisms, or the constitutionality of the state mechanisms, for post-conviction DNA testing. Plaintiff has not even alleged in his complaint that he has attempted to avail himself of the statute allowing for DNA testing in Missouri. Thus, he has not stated a claim under *Skinner v. Switzer.* 562 U.S. 521 (2011) (prisoner can state a cognizable § 1983 claim by alleging a general constitutional challenge to state post-conviction DNA testing statute, but not by challenging such statute's application in his case; *Brady v. Maryland*, 373 U.S. 83 (1963), is inapplicable to due process claims for post-conviction DNA testing); *Dist. Attorney's Office for the Third Judicial Dist. v. Osborne*, 557 U.S. 52, 69–72 (2009) (due process requires only that the state's procedures for post-conviction relief do not offend fundamental principles of justice or transgress any recognized principle of fundamental fairness in operation); *West v. Atkins*, 487 U.S. 42, 48,

(1988) ("To state a claim under § 1983, a plaintiff must allege a violation of a right secured by the Constitution or laws of the United States[.]"). In light of the aforementioned, the Court will dismiss this action, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #21] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that an appeal of this action would not be taken in good faith.

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 4th day of August, 2017

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE